By the Couet.*—
Tabeen J.
—This is an appeal from a judgment entered in Westchester county on the report of a referee ; the plaintiffs as assignees in bankruptcy sold certain live-stock of the bankrupt which was bought by the defendant, and this action is brought for a balance of the purchase money; previous to the assignees taking title to the property of the bankrupt, the defendant had possession of the stock on keep ; her bill for this keep, is a debt of the bankrupt, and can not be set off against the claim in suit.
*307 The assignees took title on August 11,1870; there was delay _ arising out of adverse litigations, and the live stock in question was left in defendant’s possession until the sale on March 8, 1871.
She is entitled to recover for the value of the keep during this period, because it was an expense incurred for the benefit of the estate. The plaintiff proved at the trial that the defendant’s account had been left by agreement to the register in bankruptcy for adjustment, and that he determined that two hundred and fifty dollars would be a proper allowance, and the referee has deducted that sum from the purchase price of the cattle. Any such agreement would constitute a common-law arbitration, and would be binding as to the subject-matter arbitrated, but it appears that the arbitrator in an informal manner, and without hearing the claimant or appointing a time for a hearing, determined the claim. This mode of deciding or arbitrating the matter being irregular is not binding on the defendant, and she may prove her claim anew.
The testimony as to the value of such keep was conflicting ; some witnesses adopted a higher, and some a lower rate; the referee rejected these rates, and adopted the sum of two hundred and fifty dollars for the reasons stated. There is testimony showing such value for the period stated to be four hundred and nine dollars and fifty cents. Some witnesses state a larger sum. If the plaintiff shall file the proper consent, allowing the difference of one hundred and fifty-nine dollars, the judgment may be reduced, and affirmed as reduced, and without costs to either party. Otherwise a new trial is ordered, costs to abide event.

 Present, Barnard, P. J., Tapper, J. (Dorohub, J., sat at the argument, but was not present when the opinion was handed down.)